IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2121-FL

| | | |
|---|---|---|
| TIMOTHY H. WALDEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN, FMC BUTNER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss, (DE 19). The motion was fully briefed and in this posture the issues raised are ripe for ruling. For the reasons stated below, the court grants the motion and dismisses without prejudice the petition.

## BACKGROUND

On March 30, 2005, petitioner pleaded guilty without a plea agreement to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 (count one), and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count 13). Walden v. United States, No. 3:04-CR-39-FDW, 2013 WL 1349185, at *1 (W.D.N.C. Apr. 3, 2015). Because petitioner's criminal history included a prior felony drug offense and the government filed timely notice of intent to seek enhanced penalty, he was subject to an enhanced statutory penalty range of 10 years to life imprisonment. See id.; 21 U.S.C. §§ 841(b)(1)(B), 851.

On August 15, 2005, the United States District Court for the Western District of North Carolina ("sentencing court") held petitioner's sentencing hearing. Walden, 2013 WL 1349185, at *1. The sentencing court determined petitioner was a career offender pursuant to U.S.S.G. § 4B1.1, and sentenced petitioner to 262 months' imprisonment on both counts. Petitioner appealed his judgment of conviction. On February 5, 2007, the United States Court of Appeals for the Fourth Circuit affirmed petitioner's sentence. United States v. Walden, 216 F. App'x 352 (4th Cir. 2007).

On December 1, 2011, petitioner filed motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Walden, 2013 WL 1349185, at *1. Petitioner argued that his prior North Carolina drug convictions were not punishable by more than one year in prison under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and therefore his career offender designation and statutory sentencing enhancement were erroneous. Id. The sentencing court denied the motion to vacate on April 3, 2013, finding the motion was untimely under § 2255(f)'s statute of limitations. Id. at *2-3.

Petitioner appealed the sentencing court's order denying relief on his § 2255 motion. Walden v. United States, 691 F. App'x 132 (4th Cir. 2017). On July 30, 2013, the Fourth Circuit granted petitioner's motion to stay the appeal pending resolution of Miller v. United States, No. 13-6254 (4th Cir. 2013). Walden v. United States, No. 13-6908 (4th Cir. July 30, 2013). After the Fourth Circuit decided Miller, the court of appeals entered another stay pending resolution of Whiteside v. United States, No. 13-7152 (4th Cir. 2013). Id. (Nov. 20, 2013). On July 31, 2015, the Fourth Circuit dissolved the stay and entered informal briefing order. Id. (July 31, 2015). On

June 7, 2017, the Fourth Circuit denied petitioner's application for a certificate of appealability and dismissed the appeal.

On May 15, 2018, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's claims in the instant § 2241 petition are identical to the claims he raised in his § 2255 motion: petitioner alleges he was erroneously designated a career offender and that his statutory sentencing range should not have been enhanced under Simmons. On June 4, 2019, respondent filed the instant motion to dismiss for lack of jurisdiction, which was fully briefed.

## DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the

3

pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B. Analysis

Petitioner is attacking the legality, rather than the execution of, his sentence. The legality of petitioner's conviction or sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Section 2255 is inadequate and ineffective to the test the legality of a sentence when:

> 1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019). If petitioner cannot satisfy the foregoing requirements, the court lacks jurisdiction to consider the petition. Id. at 426.

Petitioner cannot satisfy the second element of the Wheeler test. As noted above, petitioner argues that his sentence is illegal in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). But the Fourth Circuit decided Simmons on August 17, 2011, and deemed it retroactively applicable on collateral review on August 21, 2013, before the appellate proceedings on petitioner's first § 2255 motion concluded. Miller v. United States, 735 F.3d 141

4

(4th Cir. 2013); Simmons, 237 F.3d at 237. Petitioner's appeal of the sentencing court's order denying relief on his § 2255 motion is part of his "first § 2255 motion." See Slack v. McDaniel, 529 U.S. 473, 481-82 (2000) (noting appeal of district court order denying relief on § 2255 motion is part of the same habeas action); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004) (explaining single habeas corpus action may encompass multiple "proceedings" including post-conviction motions). Accordingly, because Simmons was decided and made retroactive before the appellate proceedings on petitioner's first § 2255 motion concluded, petitioner cannot show that subsequent to his first § 2255 motion the settled substantive law establishing the legality of the conviction changed and was deemed to apply retroactively on collateral review.[1] Wheeler, 886 F.3d at 429.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). The court therefore denies a certificate of appealability.

---

[1] As noted above, petitioner fully presented his Simmons claim to the sentencing court and the Fourth Circuit, but his § 2255 motion was dismissed as untimely.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 19), and DISMISSES WITHOUT PREJUDICE the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge